**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JOLANDA BALLINGER,

    Petitioner,                               Civil No. 2:06-CV-13520
                                                   HONORABLE ARTHUR J. TARNOW
v.                                            UNITED STATES DISTRICT JUDGE

CLARICE STOVALL,

    Respondent,
_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF
HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.**

Jolanda Ballinger, ("Petitioner"), presently confined at the Scott Correctional Facility in Plymouth, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In her application, filed *pro se*, petitioner challenges her conviction for assault with intent to rob while armed, M.C.L.A. 750.89; kidnaping, M.C.L.A. 750.349; malicious threats to extort money, M.C.L.A. 750.213; and assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84. Respondent has filed an answer to the petition for writ of habeas corpus, in which she argues that petitioner's first claim lacks merit and that review of the second claim is waived because petitioner's trial counsel expressed satisfaction with the instruction as given. Petitioner has filed a reply to the answer. As part of her reply, petitioner appears to argue that counsel was ineffective for failing to discuss the issue with her prior to agreeing to the allegedly defective jury instruction.

*Ballinger v. Stovall,* 06-13520

For the reasons stated below, in lieu of adjudicating the merits of the petition, the Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to return to the state courts to exhaust additional claims, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

## I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Ballinger,* No. 250906 (Mich.Ct.App. January 20, 2005); *lv. den.* 474 Mich. 855; 702 N.W. 2d 577 (2005).

On July 24, 2006, petitioner filed a petition for writ of habeas corpus, in which she seeks habeas relief on the two grounds that she raised in the Michigan courts: [1]

I. The prosecution failed to present sufficient evidence to support the verdict of armed robbery.

II. The trial court failed to instruct the jury on the asportation element of forcible confinement kidnaping, denying Petitioner's constitutional right to a properly instructed jury.

On January 11, 2007, respondent filed an answer to the petition. Respondent claims that petitioner's first claim should be denied, because the Michigan Court of Appeals' resolution of petitioner's sufficiency of evidence claim was a reasonable

---

[1] Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his or her petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F. Supp. 2d 798, 799, fn. 2 (E.D. Mich. 1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his or her habeas petition to prison officials on the date he or she signed it, for the purposes of the AEDPA's one year limitations period. *Id.* Because the instant petition was signed and dated July 24, 2006, the Court finds that the petition was filed with the Court on that date.

2

application of clearly established federal law. Respondent argues that review of petitioner's second claim was waived because petitioner's counsel expressed satisfaction with the jury instruction as given by the trial court. On March 13, 2007, petitioner filed a reply to the answer. As part of the reply, petitioner contends that review of the claim is not waived, because her counsel never discussed the issue with her and she had no input into counsel's decision to agree to the allegedly deficient jury instruction.

## II. Discussion

Petitioner contends that she did not waive her right to challenge the allegedly defective jury instruction involving the elements of kidnaping, because her trial counsel failed to discuss the issue with her before agreeing to the instruction as given. Petitioner, thus, appears to argue that her trial counsel was ineffective in handling the jury instruction issue and that this should excuse any waiver.

Ineffective assistance of counsel may establish cause for a procedural default. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). However, for ineffective assistance of counsel to constitute cause to excuse a procedural default, that claim itself must be exhausted in the state courts. *Id.*

A review of petitioner's briefs on appeal to the Michigan Court of Appeals and the Michigan Supreme Court shows that petitioner never raised an ineffective assistance of counsel claim on her direct appeal. [2]

---

[2] *See* Defendant-Appellant's Brief on Appeal [Dkt. Entry # 14]; Defendant's Appellant's Pro Per Application for Leave to Appeal [Dkt. Entry # 15].

To the extent that petitioner might wish to allege that her trial counsel was ineffective for agreeing to this allegedly defective instruction to excuse any procedural default and that appellate counsel was ineffective for failing to raise the ineffectiveness of trial counsel to excuse any waiver or default, petitioner would have to exhaust the ineffective assistance of counsel issue(s) as an independent Sixth Amendment claim with the Michigan courts before this Court could consider it either as an independent claim or as cause to excuse petitioner's potential default. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 805 (E.D. Mich. 2002). Because of the substantial liberty interests at stake in this case, as well as the potential merits of petitioner's claims, this Court feels compelled to raise *sua sponte* the ineffective assistance of counsel claim on behalf of petitioner. *See e.g. Saba v. I.N.S.,* 52 F. Supp. 2d 1117, 1124 (N.D. Cal. 1999). A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999). Federal district courts are authorized to stay fully exhausted federal habeas petitions pending the exhaustion of other claims. *Anthony v. Cambra*, 236 F. 3d 568, 575 (9th Cir. 2000); *See also Tran v. Bell,* 145 F. Supp. 2d 939, 941-42 (W.D. Tenn. 2001); *Hill v. Mitchell,* 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).

The Court will hold the petition in abeyance while petitioner returns to the state courts to exhaust these additional claims. A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). In order to avoid petitioner being time-barred from seeking habeas relief following her return to the state courts, the Court will hold the present petition in abeyance for 60 days and will allow petitioner to return to the state courts to seek post-conviction relief, in which case the Court will hold the present petition in abeyance. This tolling is conditioned upon petitioner initiating her state post-conviction remedies within sixty days of receiving this Court's order and returning to federal court within sixty days of completing the exhaustion of her state court post-conviction remedies. *Id.;Geeter v. Bouchard,* 293 F. Supp. 2d 773, 775 (E.D. Mich. 2003). [3]

Petitioner's method of properly exhausting these claims in the state courts would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan

---

[3] This Court has the discretion to stay the petition and hold it in abeyance even though petitioner did not specifically request this Court to do so. *See e.g. Banks v. Jackson,* 149 Fed. Appx. 414, 422, n. 7 (6th Cir. 2005).

*Ballinger v. Stovall,* 06-13520

Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

### III. ORDER

Accordingly, it is **ORDERED** that petitioner may file a motion for relief from judgment with the state court within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If petitioner files a motion for relief from judgment, she shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claim or claims. The petitioner shall re-file a habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d at 677.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: November 15, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 15, 2007, by electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary

6