UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOLANDA D. BALLINGER,

     Petitioner,                      Civil No. 2:06-13520
                                      HONORABLE ARTHUR J. TARNOW
v.                                UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

     Respondent,

_____/

**ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL**

     Before the Court is habeas petitioner Jolanda D. Ballinger 's motion for the appointment of counsel.

     The Court will deny the motion for the appointment of counsel.  There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).  "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona,* 325 F. Supp.

*Ballinger v. Warren,* 06-CV-13520

2d 778, 787 (E.D. Mich. 2004).  If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Id.*

Counsel may be appointed, in exceptional cases, for a prisoner appearing *pro se* in a habeas action. *Lemeshko*, 325 F. Supp. 2d at 788.  The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim. *Id.*

In the present case, petitioner has filed a nineteen page petition for writ of habeas corpus, in which she raises two claims for relief.  Petitioner also filed two reply briefs to respondent's initial answer.  Petitioner also filed a motion to reopen the case after this Court had held the matter in abeyance to permit petitioner to return to the state courts to exhaust additional claims.  Petitioner therefore has the means and ability to present his claims to the Court.  Furthermore, until this Court reviews the petition for writ of habeas corpus, the answer from the State of Michigan, the Rule 5 materials, and the reply briefs, the Court is unable to determine whether an evidentiary hearing is necessary or required.  Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

*Ballinger v. Warren,* 06-CV-13520

Accordingly, the Court **DENIES** the motion for appointment of counsel [Dkt. # 39]

without prejudice.  The Court will reconsider the motion if, following receipt of the

responsive pleadings and Rule 5 materials, the court determines that appointment of

counsel is necessary.


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 26, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel
of record on July 26, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

3