UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOLANDA BALLINGER,

       Petitioner,                         Civil No. 2:06-CV-13520
                                          HONORABLE ARTHUR J. TARNOW

v.

MILLICENT WARREN,

       Respondent,

_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS**

Jolanda Ballinger, ("Petitioner"), presently confined at the Huron Valley Women's Complex in Ypsilanti, Michigan, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In her application, filed *pro se*, petitioner challenges her conviction for assault with intent to rob while armed, M.C.L.A. 750.89; kidnaping, M.C.L.A. 750.349; malicious threats to extort money, M.C.L.A. 750.213; and assault with intent to do great bodily harm less than murder, M.C.L.A. 750.84.  For the reasons that follow, the petition for writ of habeas corpus is DENIED.

**I.  Background**

Petitioner was convicted following a jury trial in the Wayne County Circuit Court, in which she was tried with her co-defendant, Latreed Steele.  This Court recites the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

1

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

On March 6, 2002, defendant asked the victim to enter defendant's home in Detroit. Defendant claimed that the victim owed her $800 for a drug debt, and the victim maintained that her husband had already paid the debt. Defendant continued to ask for money, and the victim continued to deny that she owed defendant money. Defendant called the victim's husband on the telephone and threatened to kill the victim if her husband did not pay defendant. The victim's husband could hear her screaming in the background.

Defendant took the victim into the basement and beat her. She then brought her upstairs and forced her to strip down to her underwear. The victim was not permitted to leave defendant's house, and defendant continued to perform drug transactions in front of the victim, making an example of the victim. Someone kicked the victim down the basement stairs, and defendant continued to beat her with a broomstick and an electrical cord. Defendant also kicked her repeatedly. Two of defendant's associates poured rubbing alcohol on the victim's wounds, and defendant threatened to burn the victim to show others that they should pay their debts. The beatings continued, sometimes on the first floor and sometimes in the basement. At some point, defendant placed a second telephone call to the victim's husband, demanding money and threatening to kill the victim if he did not pay. The victim's husband called the police, who arrived at defendant's house and found the victim in the basement, stripped and beaten. The victim suffered a broken eye socket, cracked ribs, and seizures.

*People v. Ballinger,* No. 250906, * 1 (Mich.Ct.App. January 20, 2005).

Petitioner's conviction was affirmed on appeal. *Id., lv. den.* 474 Mich. 855; 702 N.W.

2d 577 (2005).

Petitioner then filed a petition for writ of habeas corpus with this Court. This

Court held the petition for writ of habeas corpus in abeyance to permit petitioner to

return to the state courts to exhaust an ineffective assistance of counsel claim which

had not yet been presented to the state courts. *See Ballinger v. Stovall*, No. 2007 WL

3408582 (E.D. Mich. November 15, 2007).

2

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

Petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Ballinger,* No. 02-4307-01 (Third Judicial Circuit Court County of Wayne, September 15, 2008). The Michigan appellate courts denied petitioner leave to appeal. *People v. Ballinger,* No. 294073 (Mich.Ct.App. January 13, 2010); *lv. den.* 487 Mich. 854, 784 N.W.2d 215 (2010).

On September 2, 2010, this Court reinstated the petition to the Court's active docket. Petitioner seeks a writ of habeas corpus on the following grounds:

I. The prosecution failed to present sufficient evidence to support the verdict of armed robbery.

II. The trial court failed to instruct the jury on the asportation element of forcible confinement kidnaping, denying Petitioner's constitutional right to a properly instructed jury.

III. Petitioner was deprived of the effective assistance of trial and appellate counsel.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

3

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

4

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

### III.  Discussion

**A.  The statute of limitations issue.**

Respondent contends that a number of the ineffective assistance of counsel claims that are raised by petitioner are barred by the one year statute of limitations contained within the statute of limitations found within  28 U.S.C. § 2244(d)(1), because the limitations period for raising these claims ran on November 29, 2006 and petitioner only filed her amended petition which contained these claims subsequent to that date. Although acknowledging that this Court held the original petition in abeyance to permit petitioner to return to the state courts to file a post-conviction motion, respondent argues that this Court's stay was limited solely to petitioner raising an ineffective assistance of trial counsel claim relating to trial counsel's failure to object to the jury instruction on the elements of kidnaping.  Respondent argues that petitioner's attempt to supplement her petition with additional ineffective assistance of counsel claims that this Court did not give her permission to return to state court to exhaust is "contrary to the policy which underlies the stay and abeyance procedure." [1]

Although the issue of whether a claim is procedurally barred should ordinarily be resolved first, "judicial economy sometimes dictates reaching the merits [of a claim or claims] if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated." *Barrett v. Acevedo,* 169 F. 3d 1155, 1162 (8th Cir. 1999)(internal citations omitted).  Because the statute of limitations does not constitute

---

[1]  Response to Petition for Writ of Habeas Corpus, p. 15, n. 30.

5

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

a jurisdictional bar to habeas review, a federal court, can, in the interest of judicial

economy, proceed to the merits of a habeas petition. *See Smith v. State of Ohio Dept.*

*of Rehabilitation,* 463 F. 3d 426, 429, n. 2 (6th Cir. 2006)(quoting *Trussell v. Bowersox,*

447 F. 3d 588, 590 (8th Cir. 2006)). Simply put, this Court need not resolve the dispute

over the timeliness of petitioner's new ineffective assistance of counsel claims.

Assuming without deciding that the current petition and all of the claims contained

within it are timely, petitioner's habeas application fails on the merits. *See Ahart v.*

*Bradshaw,* 122 Fed. Appx. 188, 192 (6th Cir. 2005).

**B. The procedural default issue**.

Respondent contends that petitioner's second claim is procedurally defaulted

because petitioner's counsel failed to object to the kidnaping instruction and expressed

satisfaction with the instruction as given. Respondent further contends that petitioner's

ineffective assistance of counsel claims are procedurally defaulted, because he raised

them for the first time in his post-conviction motion for relief from judgment and failed to

show cause for failing to raise these issues in his appeal of right, as well as prejudice,

as required by M.C.R. 6.508(D)(3).

In this case, petitioner claims that his trial counsel was ineffective for failing to

object to the kidnaping instruction and that appellate counsel was ineffective for failing

to raise her ineffective assistance of trial counsel claims in her appeal of right.

Ineffective assistance of counsel may establish cause for procedural default. *Edwards*

*v. Carpenter*, 529 U.S. 446, 451-52 (2000). Given that the cause and prejudice inquiry

for the procedural default issue merges with an analysis of the merits of petitioner's

6

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

defaulted claims, this Court must consider the merits of these claims. *See Cameron v. Birkett,* 348 F. Supp. 2d 825, 836 (E.D. Mich. 2004). Additionally, petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that she had to raise this claim. *See  Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).

**C.  Claim # 1.  The sufficiency of evidence claim.**

Petitioner first argues that there was insufficient evidence to convict her of assault with intent to rob while armed, because there was no evidence presented that she intended to rob or steal from the victim.  Petitioner claims that she only intended to extort money from the victim's husband and that she knew that the victim had no money as soon as she entered petitioner's home.  Petitioner notes that the victim testified that she had no money at the time of the assault and that petitioner never tried to take anything from her.  Petitioner further claims that she only took the victim's clothes to humiliate her and to set an example to others who owed drug debts.

It is beyond question that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship,* 397 U.S. 358, 364 (1970).  But the critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is, "whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). This inquiry, however, does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt."  Instead, the

7

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

relevant question is whether, after viewing the evidence in the light most favorable to

the prosecution, *any* rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. *Id.* at 318-19(internal citation and footnote

omitted)(emphasis in the original).

More importantly, a federal habeas court may not overturn a state court decision

that rejects a sufficiency of the evidence claim simply because the federal court

disagrees with the state court's resolution of that claim. Instead, a federal court may

grant habeas relief only if the state court decision was an objectively unreasonable

application of the *Jackson* standard. *See Cavazos v. Smith,* 132 S. Ct. 2, 4 (2011).

"Because rational people can sometimes disagree, the inevitable consequence of this

settled law is that judges will sometimes encounter convictions that they believe to be

mistaken, but that they must nonetheless uphold." *Id.*

Finally, on habeas review, a federal court does not reweigh the evidence or

redetermine the credibility of the witnesses whose demeanor was observed at trial.

*Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). It is the province of the factfinder to

weigh the probative value of the evidence and resolve any conflicts in testimony. *Neal

v. Morris*, 972 F. 2d 675, 679 (6th Cir. 1992). A habeas court therefore must defer to

the fact finder for its assessment of the credibility of witnesses. *Matthews v.

Abramajtys*, 319 F. 3d 780, 788 (6th Cir. 2003).

Under Michigan law, the elements of assault with intent to rob while armed are

(1) an assault with force and violence; (2) with an intent to rob and steal; and, with (3)

8

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

the defendant being armed [with a weapon]. *See Alexander v. Robinson,* 11 Fed. Appx. 456, 459 (6ᵗʰ Cir. 2001).

There was sufficient evidence for a rational trier of fact to conclude that petitioner assaulted the victim with the intent to rob or steal from her.  As the Michigan Court of Appeals indicated in rejecting petitioner's claim, *See Ballinger,* 250906, Slip. Op. at * 2, the evidence at trial showed that petitioner repeatedly asked the victim for money while beating her and also took her clothes and did not return them.  A federal court reviewing a state court conviction on habeas review that is "faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Cavazos,* 132 S. Ct. at 6 (quoting *Jackson v. Virginia,* 443 U.S. at 326).  While there was some evidence to support petitioner's theory that she held the victim as a hostage and beat her in an attempt to extort money from the victim's husband as well as to set an example for other persons who owed petitioner money, this Court must presume that the jurors resolved such conflicting evidence in favor of the prosecution and determined that petitioner intended to rob or steal from the victim when she assaulted her.  Moreover, "Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *People v. McRunels,* 237 Mich. App. 168, 181; 603 N.W.2d 95 (1999).  When viewed in a light most favorable to the prosecution, the evidence was sufficient for a rational trier of fact to conclude that petitioner intended to rob or steal

9

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

from the victim when she assaulted her.  Petitioner is not entitled to habeas relief on her first claim.

### D.  Claim # 2.  The jury instruction claim.

Petitioner next claims that her right to a fair trial was violated when the judge failed to instruct the jurors on the asportation element for kidnaping.  Petitioner specifically contends that the trial judge erred in failing to instruct the jurors that in order to find petitioner guilty of kidnaping, the jurors must find that any movement of the victim must not be merely incidental to any other criminal charge, but had to be for the independent purpose of kidnaping.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal.  The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned", and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977).  The challenged instruction must not judged in isolation but must be considered in the context of the entire jury charge. *Jones v. United* States, 527 U.S. 373, 391 (1999).  Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009).

10

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191.  Federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

Petitioner was convicted of kidnaping under a theory of forcible confinement.  To convict a defendant of kidnaping under a forcible confinement theory, the prosecutor must prove four elements beyond reasonable doubt:

(1) a forcible confinement of another within state;
(2) done willfully, maliciously, and without lawful authority;
(3) against the will of person confined or imprisoned; and,
(4) an asportation of victim which is not merely incidental to an underlying crime, unless the underlying crime involves murder, extortion, or taking a hostage.

*People v. Wesley,* 421 Mich. 375, 388; 365 N.W. 2d 692 (1984).

Petitioner's claim fails for two reasons.  First, petitioner was charged with, and convicted of, the crime of extortion.  Because one of the underlying crimes in this case was extortion, any movement incidental to this offense was sufficient to establish the asportation element for forcible kidnapping.

Secondly, if the movement of the victim adds a greater danger or threat to the victim, that is a factor in considering whether the movement adequately constituted the necessary legal asportation to sustain a kidnapping conviction. *See People v. Adams*, 389 Mich. 222, 238; 205 NW2d 415 (1973).  In the present case, a rational trier of fact could have found that the movement of the victim into the basement placed her in greater danger and was therefore not incidental to the initial demand for money. *See e.g. People v. Jaffray,* 445 Mich. 287, 299, n. 22; 519 N.W.2d 108 (1994)(victim's

11

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

movement to basement and being tied to a poll sufficient to establish element of

asportation).

An erroneous jury instruction that omits an element of the offense is subject to

harmless-error analysis. *See Neder v. U.S.*, 527 U.S. 1, 9-11 (1999). In light of the fact

that any movement incidental to the crime of extortion was sufficient to establish the

element of asportation, as well as the fact that the victim was placed in greater danger

when she was moved to the basement, the trial judge's failure to instruct on the

element of asportation was harmless error at most. *See e.g. Norman v. Prunty,* 66 Fed.

Appx. 673, 674 (9th Cir. 2003).

**E.  Claim # 3.  The ineffective assistance of counsel claims.**

Petitioner next contends that she was deprived of the effective assistance of trial

and appellate counsel. [2]

To show that she was denied the effective assistance of counsel under federal

constitutional standards, a defendant must satisfy a two prong test.  First, the

defendant must demonstrate that, considering all of the circumstances, counsel's

performance was so deficient that the attorney was not functioning as the "counsel"

guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687

(1984).  In so doing, the defendant must overcome a strong presumption that counsel's

behavior lies within the wide range of reasonable professional assistance. *Id.*  In other

--------

[2]  This Court relies on the ineffective assistance of counsel claims raised by
petitioner in her motion for relief from judgment that she filed with the trial court. See
Dkt. # 38-4.

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id.*  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland'*s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington v. Richter*, 131 S. Ct. at 792).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009).  The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

Petitioner first alleges that trial counsel was ineffective for failing to investigate as a potential defense witness co-defendant Cedric Thomas, whose case was dismissed at the preliminary examination.  Petitioner further suggests that trial counsel was ineffective for failing to call other unnamed defense witnesses.

Petitioner failed to provide any affidavits or offers of proof from Mr. Thomas or any other potential witnesses with the motion for relief from judgment that she filed in the state courts.  Petitioner has also failed to provide any affidavits from Mr. Thomas or

13

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

any other witnesses to this Court concerning their proposed testimony.  Conclusory

allegations of ineffective assistance of counsel, without any evidentiary support, do not

provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir.

1998).  By failing to present any evidence to the state courts in support of her claim

that counsel was ineffective for failing to call witnesses, petitioner is not entitled to an

evidentiary hearing on this portion of her ineffective assistance of counsel claim with

this Court. *See Cooey v. Coyle*, 289 F. 3d 882, 893 (6th Cir. 2002)(citing 28 U.S.C. §

2254(e)(2)(A)(ii)).  Petitioner has offered, neither to the Michigan courts nor to this

Court, any evidence as to whether Mr. Thomas or these other unnamed witnesses

would have been able to testify or what the content of these witnesses' testimony

would have been.  In the absence of such proof, petitioner is unable to establish that

she was prejudiced by counsel's failure to call these witnesses to testify at trial, so as

to support the second prong of an ineffective assistance of counsel claim. *See Clark v.

Waller,* 490 F. 3d 551*,* 557 (6th Cir. 2007).

Moreover, as the trial judge noted in rejecting petitioner's claim on post-

conviction review, *See Ballinger,* 02-4307-01, Slip. Op. at * 4, Mr. Thomas had a Fifth

Amendment right not to testify or to be forced to give any evidence that might be

incriminating.  In light of the fact that Mr. Thomas could have invoked his Fifth

Amendment right against self-incrimination if called to testify, defense counsel could

have reasonably determined that it would not be in petitioner's best interest to call him

as a defense witness. *See e.g. Davis v. Lafler,* 658 F.3d 525, 537 (6th Cir. 2011).

14

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

Petitioner next claims that defense counsel was ineffective for failing to challenge the admissibility of her statement to Officer Otha Craighead, claiming that her confession was involuntary because it was induced by the officer's promise that she would be released if she made a statement to the police.

Officer Craighead testified at trial that petitioner turned herself into the police. Prior to obtaining a statement from petitioner, Officer Craighead testified that he advised petitioner of her Constitutional rights and had petitioner read each of her rights out loud and initial each one of them to indicate that she understood her rights. Petitioner informed Officer Craighead that she had eleven years of education. She did not appear under the influence of any substance. Petitioner expressed an interest in speaking with Officer Craighead. Officer Craighead denied making any threats or promises to get petitioner to make a statement. In fact, at the end of petitioner's written statement, petitioner expressly denied being threatened or promised anything to make the statement. (Tr. 8/15/2002, pp. 41-53).

Petitioner is not entitled to habeas relief on this claim. The only evidence that she has presented in support of her claim that counsel was ineffective for failing to suppress her confession is her own self-serving statement that the officer promised to release her if she confessed. Petitioner's self-serving statement "carries little weight" to support her claim, "especially in light of the copious evidence in the record to contradict it." *Hoffner v. Bradshaw,* 622 F.3d 487, 500 (6th Cir. 2010). Officer Craighead's testimony from trial indicates that petitioner was advised of her *Miranda* rights, understood those rights, agreed to make a statement, and expressly denied

15

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

being promised anything to make that statement.  In light of the foregoing, trial

counsel's failure to move for the suppression of petitioner's statement was not

unreasonable. *Id.*  Moreover, in light of the additional evidence in this case, counsel's

failure to seek the suppression of this statement did not prejudice petitioner, so as to

entitle her to habeas relief. *See Crawley v. Curtis*, 39 Fed. Appx. 145, 146 (6th Cir.

2002).

Petitioner next contends that trial counsel was ineffective for failing to challenge

the validity of the arrest warrant, the complaint, and the information on the ground that

they all contained the wrong date of the offense, as well as for failing to argue that

there was no docket entry for the filing of the criminal information and that the

information in petitioner's possession was not signed or stamped to indicate that it had

been filed.

A criminal court in Michigan does not lose jurisdiction over a criminal case

merely because the criminal complaint was somehow defective. *See People v. Payne*,

No. 2000 WL 33400212, * 3 (Mich.Ct.App. November 28, 2000); *People v. Mayberry*,

52 Mich. App. 450, 451; 217 N.W.2d 420 (1974)(both citing *People v. Burrill*, 391 Mich.

124, 133; 214 N.W. 2d 823 (1974)).  In addition, a jury's guilty verdict renders harmless

any error in the charging decision. *United States v. Mechanik,* 475 U.S. 66, 73 (1986).

Because petitioner has failed to show that she was prejudiced by any defects with the

warrant, the complaint, or the information, petitioner is unable to establish that counsel

was ineffective for failing to challenge the validity of these charging documents at trial.

*See e.g. Olden v. U.S.,* 224 F.3d 561, 567 (6th Cir. 2000)(counsel's failure to challenge

16

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

indictment for variance was not ineffective assistance of counsel, where defendant did not establish prejudice from any purported variance).

Petitioner next contends that trial counsel was ineffective for failing to challenge the pre-sentence report, because she claims that several of the sentencing guidelines variables were improperly scored.  Petitioner raised this claim on post-conviction review, but her claim was rejected by the trial court and subsequently by the Michigan Court of Appeals and the Michigan Supreme Court.

The state trial court's allegedly improper interpretation of the state's sentencing guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *Whitfield v. Martin,* 157 F. Supp. 2d 758, 762 (E.D. Mich. 2001).  As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there is a reasonable probability that the do-over proceeding state law provides would reach a different result." *See Hammond v. Hall,* 586 F.3d 1289, 1340 (11th Cir. 2009).

In this case, because the trial judge rejected petitioner's sentencing guidelines claim and the Michigan appellate courts upheld this ruling, petitioner is unable to show that she was prejudiced by her counsel's purported ineffectiveness in failing to object to the scoring of her sentencing guidelines. *See Coleman v. Curtin*, 425 Fed. Appx. 483, 485 (6th Cir. 2011); *cert. den.* 132 S. Ct. 848 (2011).  Petitioner has offered no evidence

17

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

to show that the state trial court judge would have been inclined to impose a lesser sentence, thus, she is unable to show that she was prejudiced by her counsel's purported ineffectiveness in failing to object to the scoring of her sentencing guidelines. *See Spencer v. Booker*, 254 Fed. Appx. 520, 525-26 (6th Cir. 2007).

Petitioner next contends that trial counsel was ineffective for filing the motion to quash the information beyond the deadline date for the filing of motions. The trial judge, however, did not reject the motion to quash because it was untimely filed, but instead considered petitioner's motion and counsel's oral arguments and rejected the motions on the merits. The untimeliness of a motion does not prejudice a defendant, for purposes of establishing the ineffective assistance of counsel, when the trial court rejects the motion on the merits and not because it was untimely filed. *See Ross v. United States,* 339 F. 3d 483, 492-93 (6th Cir. 2003).

Petitioner next contends that trial counsel was ineffective for failing to challenge a juror who indicated during *voir dire* that petitioner looked familiar to her. This same juror, however, indicated that this made no difference in how she would evaluate the facts and apply the law, because she did not know petitioner personally. The juror further indicated that this would have no favorable or unfavorable impact upon her. (Tr. 8/14/2002, p. 78). [3]

---

[3] Respondent has provided this Court with two copies of the transcript from August 14, 2002. The transcript filed at Dkt. # 19 of this Court's docket entries is incomplete. The full transcript from August 14, 2002 can be found at Dkt. # 38-5 of this Court's docket entries.

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

One of the most essential responsibilities of a defense attorney is "to protect his client's constitutional right to a fair and impartial jury by using *voir dire* to ferret out jurors who are biased against the defense." *Miller v. Francis,* 269 F. 3d 609, 615 (6th Cir. 2001).  However, a defense counsel's actions during *voir dire* are presumed to be matters of trial strategy and cannot serve as the basis of an ineffective assistance of counsel claim unless "counsel's decision is shown to be so ill-chosen that it permeates the entire trial with unfairness". *Id.* at 615-16.

Petitioner has failed to show that she was prejudiced by counsel's failure to challenge this juror.  To maintain a claim that a biased juror prejudiced her, for purposes of maintaining an ineffective assistance of counsel claim, a habeas petitioner must show that the juror was actually biased against her. *See Hughes v. United States,* 258 F. 3d 453, 458 (6th Cir. 2001); *See also Miller v. Francis,* 269 F. 3d at 616 (when a claim of ineffective assistance of counsel is founded on a claim that counsel failed to strike a biased juror, the defendant must show that the juror was actually biased against her).  Although the juror indicated that petitioner looked familiar to her, she further indicated that this would not make any difference to her in terms of how she would judge the facts and apply the law.  Petitioner has offered no evidence that this juror was actually biased towards her.  In the absence of such evidence, petitioner is unable to establish that she was prejudiced by counsel's failure to challenge this juror's qualifications to sit on the jury.

19

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

Petitioner next contends that trial counsel was ineffective for failing to object to the kidnaping instruction that was given by the jurors because it deleted the asportation element. (See Claim # II, *infra* page 10).

This Court has already rejected petitioner's claim that the kidnaping instruction, as given, deprived her of a fair trial. Because the kidnaping instruction as given was adequate, counsel's failure to object was not objectively unreasonable, and petitioner cannot show that a different instruction would likely have changed the outcome of her trial as to entitle her to habeas relief on her claim. *See Jacobs v. Sherman,* 301 Fed. Appx. 463, 466-67 (6th Cir. 2008).

As a related claim, petitioner contends that trial counsel was ineffective for failing to request an instruction on lesser included offenses. This claim is defeated by the fact that trial counsel asked the judge to instruct the jurors on the lesser offense of felonious assault and the judge gave the instruction. (Tr. 8/15/2002, pp. 72, 158-59).

Petitioner further contends that trial counsel was ineffective for failing to request an instruction on the defense of consent. Petitioner points to testimony from the victim, in which the victim stated that she came willingly to petitioner's house, knew that she was going to be beaten because she owed money to petitioner, and willingly accepted the beating. (Tr. 8/14/2002, pp. 133, 163-64, 167). Petitioner, however, fails to mention the victim's testimony that while she was being beaten, she became angry and stood up and attempted to fight petitioner. Petitioner ignores the extent of the beating, including the fact that petitioner or one of her confederates kicked the victim down the stairs, after which petitioner beat the victim with a broomstick and an electrical cord.

20

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

Two of petitioner's associates poured alcohol on the victim and petitioner threatened to set her on fire to show others that they should pay their drug debts.  The victim's husband could overhear the victim screaming on the telephone during the beating. Petitioner also ignores the extent of the injuries suffered by the victim, including a broken eye socket, cracked ribs, and seizures.  When police arrived at petitioner's house, they found the victim stripped and beaten.  All of this evidence makes it highly unlikely that a jury would have believed that the victim consented to the extent of this beating and confinement.

"[T]he prejudice question, for purposes of an ineffective assistance of counsel claim, 'is essentially the same inquiry as made in a harmless-error analysis.'" *Johnson v. Renico,* 314 F. Supp. 2d 700, 711 (E.D. Mich. 2004)(internal quotation omitted).  Any failure on the part of the trial judge to give an instruction on the defense of consent was harmless error at most in this case, where there was neither direct nor persuasive evidence to suggest that the victim consented to the brutal assault in this case. *See Jenkins v. U.S.,* 506 A.2d 1120, 1124 (D.C. 1986).  Because the failure to instruct the jurors on the defense of consent was harmless error, counsel's failure to request such an instruction did not prejudice petitioner.

Petitioner next contends that trial counsel was ineffective for failing to object to prosecutorial misconduct.

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004).  Prosecutorial misconduct will form the basis for habeas relief only if the conduct was so egregious as

21

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643-45 (1974). The determination whether the trial was fundamentally unfair is "made by evaluating the totality of the circumstances surrounding each individual case." *Angel v. Overberg*, 682 F. 2d 605, 608 (6th Cir. 1982). The Court must focus on "'the fairness of the trial, not the culpability of the prosecutor.'" *Pritchett v. Pitcher*, 117 F. 3d 959, 964 (6th Cir. 1997) (quoting *Serra v. Michigan Dep't of Corr.*, 4 F.3d 1348, 1355 (6th Cir. 1993)).

Petitioner first claims that the prosecutor argued facts that had not been introduced into evidence, but has failed to point to any specific statements by the prosecutor that she claims were improper. Conclusory allegations of prosecutorial misconduct fail to state a claim upon which habeas relief can be granted. *See Johnson v. Renico,* 314 F. Supp. 2d at 710. Because this claim is conclusory and unsupported, petitioner is not entitled to habeas relief on her claim.

Petitioner also contends that the prosecutor shifted the burden of proof in his closing argument. In this case, however, the trial court instructed the jury that petitioner was presumed innocent and that the prosecutor had the burden of proving petitioner's guilt beyond a reasonable doubt with regards to the various offenses. (Tr. 8/15/2002, pp. 143-44, 153, 155-58, 160-63). The prosecution's argument did not deprive petitioner of a fair trial, because any possible prejudice which might have resulted from any burden shifting comments was cured by the trial court's instructions regarding the proper burden of proof. *See Scott v. Elo,* 302 F. 3d 598, 603-04 (6th Cir. 2002).

22

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

To show prejudice under *Strickland* for failing to object to prosecutorial misconduct, a habeas petitioner must show that but for the alleged error of his trial counsel in failing to object to the prosecutor's improper questions and arguments, there is a reasonable probability that the proceeding would have been different.  *Hinkle v. Randle,* 271 F. 3d 239, 245 (6th Cir. 2001).  Because the Court has determined that the prosecutor did not deprive petitioner of a fundamentally fair trial, petitioner is unable to establish that she was prejudiced by counsel's failure to object to the alleged prosecutorial misconduct. *See Slagle v. Bagley,* 457 F. 3d 501, 528 (6th Cir. 2006).

Petitioner next contends that trial counsel was ineffective in failing to impeach the victim with purported inconsistencies.

The failure by trial counsel to cross-examine a prosecution witness can constitute ineffective assistance of counsel. *Hence v. Smith*, 37 F. Supp. 970, 983 (E.D. Mich. 1999).  However, "[C]ourts generally entrust cross-examination techniques, like other matters of trial strategy, to the professional discretion of counsel." *Millender v. Adams,* 187 F. Supp. 2d 852, 870 (E.D. Mich. 2002).  "Impeachment strategy is a matter of trial tactics, and tactical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available." *Dell v. Straub,* 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002).

In the present case, defense counsel cross-examined the victim extensively. Trial counsel obtained an admission from the victim that she had been using crack cocaine on the day of the incident.  The victim also admitted to being a long term drug user.  In response to counsel's questions, the victim admitted going into petitioner's

23

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

house on her own and did not tell anyone that she did not want to go into the house. The victim admitted owing petitioner $ 800.00 for drugs.  The victim acknowledged that her husband had purchased cocaine from petitioner.  The victim admitted that she suggested to petitioner that she phone her husband and later her mother to obtain the money.  The victim admitted going into the basement on her own, further acknowledging that she knew that she was going to get beaten, since she had been beaten before by petitioner for owing her money for drugs.  The victim testified on cross-examination that petitioner never asked for more money other than the $ 800.00 drug debt.  In response to counsel's questions, the victim indicated that at some point in the basement, she jumped up and hit petitioner.  The victim testified that she was not afraid of petitioner.  Although testifying that petitioner ordered her to remove her clothes, the victim testified that she found her clothes outside by the porch. (Tr. 8/14/2002, pp. 157-177, 186).

Defense counsel's performance did not constitute ineffective assistance of counsel where the record shows that defense counsel carefully cross-examined the victim and in his closing argument emphasized the inconsistencies and weaknesses between the victim's testimony and other evidence, as well as the victim's possible motivations for fabricating these charges against petitioner. (Tr. 8/15/2002, pp. 106-22). *See Krist v. Foltz,* 804 F. 2d 944, 948-49 (6th Cir. 1986); *Millender,* 187 F. Supp. 2d at 872.

Petitioner next claims that trial counsel was ineffective for giving her bad advice about a plea bargain offer from the prosecution.

24

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

The problem with petitioner's allegation is that there is no evidence that a plea offer was ever made by the prosecution.  At the time of the final pre-trial conference, the prosecutor indicated that no plea offer was being made to petitioner. (Tr. 4/26/2002, p. 20).

In light of the fact that there is no evidence that the prosecutor ever offered petitioner a plea bargain, petitioner is unable to establish that trial counsel was ineffective for failing to properly advise petitioner regarding a non-existent plea offer. *See e.g. Guerrero v. U.S.,* 383 F. 3d 409, 419 (6th Cir. 2004).

Petitioner finally claims that trial counsel was ineffective because he was campaigning for judge at the time of her trial.  Petitioner has presented no evidence that counsel was campaigning for office during office hours or while her trial was in session, which defeats her ineffective assistance of counsel claim. *See Halfacre v. State,* 598 S.W.2d 89, 90 (Ark. 1980).

Petitioner finally contends that appellate counsel was ineffective for failing to raise her ineffective assistance of trial counsel claims on her appeal of right.

The Sixth Amendment guarantees a defendant the right to the effective assistance of counsel on the first appeal by right. *Evitts v. Lucey*, 469 U.S. 387, 396-397 (1985).  However, court appointed counsel does not have a constitutional duty to raise every nonfrivolous issue requested by a defendant. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).  This Court has already determined that petitioner's ineffective assistance of trial counsel claims are without merit.  "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v.*

25

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

*Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).  Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in his handling of petitioner's direct appeal. Petitioner is not entitled to habeas relief on her ineffective assistance of appellate counsel claim.

### F. A certificate of appealability.

A habeas petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. [4] 28 U.S.C. §§ 2253(c)(1)(A), (B).  A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a federal district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, a district court may not conduct a full merits

---

[4] Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), 28 U.S.C. foll. § 2254.

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37.

The Court will deny a certificate of appealability, because jurists of reason would not find the Court's resolution of the claims to be debatable.

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002)(citing *United States v. Youngblood*, 116 F. 3d 1113, 1115 (5th Cir. 1997)). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

### IV. CONCLUSION

For the reasons stated above, this Court concludes that Petitioner Ballinger is not entitled to federal-habeas relief on the claims presented in her petition.

Accordingly, **IT IS ORDERED** that the petition for writ of habeas corpus is **DENIED WITH PREJUDICE**. (Dkt. # 1).

27

*Ballinger v. Warren,* U.S.D.C. No. 2:06-CV-13520

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.   IT IS

FURTHER ORDERED that petitioner will be granted leave to appeal *in forma pauperis.*


S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: April 23, 2012


I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on April 23, 2012, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant

28